# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SANTANA, an individual, on behalf of himself, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>KeHe FOOD DISTRIBUTORS, INC., an Illinois corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 15cv2963-LAB (DHB)<br><br>[CLASS ACTION]<br><br>Assigned to: Hon. Larry Alan Burns<br>Magistrate: Hon. David H. Bartick<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint filed: November 17, 2015<br>Case Removed: December 31, 2015 |

This matter came before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"). Defendant agreed, for settlement purposes only, not to oppose the Final Approval Motion

The Court, having carefully considered the briefs, arguments of counsel and all matters presented to the Court and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions of the parties' Settlement Agreement and Release ("Settlement Agreement") (Exhibit A to *ECF No.* 22-2) as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the claims of the members of the Class asserted in this proceeding, personal jurisdiction over Plaintiffs, Defendant, and the members of the Class as defined in the Settlement Agreement, and subject matter jurisdiction to approve the Settlement.

3. In accordance with the Settlement and this Court's Order Adopting Report and Recommendation regarding Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (*ECF No.* 40), distribution of the Class Notice and Request for Exclusion directed to the Class Members has been completed, including the individual notice to all Class Members who could be identified through reasonable effort. It is hereby determined that the notice to Class Members, as disseminated to Class Members in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all Class Members. Due and adequate notice of the pendency of this Lawsuit and of this Settlement has been provided to Class Members, and this Court hereby finds that the notice program described in the Preliminary Approval Order (*ECF No.* 40) and completed by the Claims Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

4. The Court finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement has been reached as a result of non-collusive arm's-length negotiations after sufficient discovery, investigation and research. The Court also finds that settlement at this time will avoid additional substantial costs, as well as the delay and risks that would be presented by the further prosecution of the litigation. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes their significant value to Class Members. The Parties to the Settlement Agreement are hereby directed to effectuate the Settlement according to its terms.

5. This Court previously conditionally certified the Class for settlement purposes. The Court hereby grants final certification approval, for settlement purposes, to the Class, consisting of:

> All persons who are or have been employed as Field Sales Representatives and/or Field Sales associates (or similar titles) by KeHe Distributors, Inc. in the State of California from November 16, 2011 through January 18, 2017.

6. All Participating Class Members, as defined in the Settlement, are bound by this Final Approval Order and Judgment and by the Settlement embodied therein, including the releases provided for in the Settlement Agreement and this Final Approval Order and Judgment. As of the Effective Date of Settlement, by operation of the entry of this Final Approval Order and Judgment, each Participating Class Member, including Plaintiff, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Releasees.

7. Release of Claims: Participating Class Members release and discharge Defendants, its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and

predecessors in interest, subsidiaries, affiliates, parents and attorneys from all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract or otherwise) for violation of the California Labor Code, the California Business and Professions Code, the Private Attorneys General Act ("PAGA"), the applicable Industrial Welfare Commission Orders or any similar state or federal law, whether for economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief based on any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act pled or arising out of or reasonably related to the transactions and occurrences pled in either the Complaint, or the First Amended Complaint, or both and which are or could have been the basis of claims that Defendants failed to pay wages for all hours worked, failed to provide timely final paychecks, provided inaccurate itemized wage statements, or engaged in unfair business practices at any times on or before the Effective Date ("Released Claims"). The release of claims includes Released Claims which could have been pled based on the facts and claims alleged in either the Complaint, or First Amended Complaint or both or arising out of or reasonably related to the transactions and occurrences pled in the Complaint or First Amended Complaint of which a Class Member does not know or suspect to exist in his or her favor against KeHE Distributors as of the Effective Date. Each Class Member who does not timely submit an Exclusion Letter will waive all rights and benefits afforded by section 1542 of the California Civil Code as to their Released Claims. Section 1542 provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

8.      Neither this Settlement nor this Final Approval Order and Judgment is an admission of liability, fault, or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity of any claims in the Action or any violation of law. Neither this Final Approval Order and Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission or concession by or against Defendant, or any of the Releasees, of any fault, wrongdoing, or liability whatsoever. Neither this Final Approval Order and Judgment, any term or provision of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Settlement; however, Defendant or any Releasee may use the Settlement and/or any related document, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and satisfaction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.      The Court hereby finds the Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

10.     The Court hereby confirms the Law Offices of Thomas D. Rutledge and Thomas D. Rutledge, and the Law Offices of J.D. Henderson and J.D. Henderson as Class Counsel in this action.

11.     The parties have allocated $5,000 towards the release of PAGA claims. The sum of $5,000 shall be paid to the California Labor and Workforce Development Agency for the release of PAGA claims, in accordance with the terms of the Settlement Agreement.

12. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Class members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties. The parties have separately consented to reference of this case to a magistrate judge. By a separate order, all remaining issues in this case — including interpretation and enforcement of the settlement agreement — are referred to the magistrate judge assigned to this case.

13. Judgment will be entered in accordance with the findings and orders made herein. For all of the reasons set forth above, the Class Representative's Motion for Final Approval of Class Action Settlement is hereby GRANTED. This action is dismissed in its entirety, on the merits, with prejudice, and without leave to amend, and Plaintiff and Settlement Class members are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

14. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon its entry, it be deemed a final judgment.

**IT IS SO ORDERED**.

Date: October 26, 2017

_____
Hon. Larry Alan Burns
United States District Judge