UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK SANTANA, an individual, on behalf of himself, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>KeHe FOOD DISTRIBUTORS, INC., an Illinois corporation; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 15cv2963-LAB (DHB)<br><br>[CLASS ACTION]<br><br>Assigned to: Hon. Larry Alan Burns<br>Magistrate: Hon. David H. Bartick<br><br>**ORDER GRANTING MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD**<br><br>Complaint filed: November 17, 2015<br>Case Removed: December 31, 2015 |

This matter came before the Court on Plaintiff's Motion for An Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award (the "Attorneys' Fees Motion"). Defendant agreed, for settlement purposes only, not to oppose the Attorneys' Fees Motion.

Based upon the Court's review of Plaintiff's Attorneys' Fees Motion, including the Declarations of Thomas D. Rutledge and J.D. Henderson, and all other papers submitted in connection with Plaintiff's Final Approval Motion, as well as the discussion held between the Court and the parties on the record at the October 2, 2017, Final Approval Hearing, the Court finds and concludes as follows:

1. Notice of the requested award of attorneys' fees and costs was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

2. Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).

3. No class member has objected to the requested fees and expenses.

4. The percentage of the common fund method is the appropriate means of calculating attorneys' fees in this case, and is "cross-checked" with the Lodestar method.

5. The number of hours that Class Counsel spent on this case was reasonable in light of the early settlement and the excellent result obtained.

6. The rates used by Class Counsel are reasonable, and are in line with attorneys of comparable skill, experience, and reputation who practice in the Southern District of California. This conclusion is supported by the Rutledge Declaration.

7. The attorneys' fees requested, which is much less than the full lodestar, is reasonable.

1
ORDER RE MOTION FOR FEES, COSTS AND SERVICE AWARDS -15cv2963-LAB (DHB)

8. The costs and expenses incurred by Class Counsel are reasonable and are the type that would normally be charged by an attorney to a fee-paying client. See *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010).

9. The Court finds reasonable the Service Award for Class Representative Erik Santana in the amount of $1,250. This amount shall be paid from the Settlement Amount.

10. The Court finds reasonable the Settlement Administration fee of $8,500 for CPT Group, Inc. This amount shall be paid from the Settlement Amount.

11. The total award of $45,000 for attorneys' fees, $2,557.50 for costs, $8,500 for the Settlement Administrator, and $1,250 for the Service Award is fair and reasonable.

12. The parties have separately consented to reference of this case to a magistrate judge. The Court retains jurisdiction to interpret and enforce the parties' settlement agreement, but by a separate order that matter — and any other remaining issue in this case — is being referred to the magistrate judge assigned to this case.

Accordingly, IT IS HEREBY ORDERED as follows:

Class Counsel are hereby awarded: (i) attorneys' fees in the amount of $45,000; and (ii) costs in the amount of $2,557.50; (iii) the Settlement Administrator CPT Group Inc. is entitled to $8,500, and (iv) the Class Representative Erik Santana is entitled to a Service Award in the amount of $1,250; all of which are to be paid from the Settlement Amount.

Date: October 26, 2017

Hon. Larry Alan Burns
United States District Judge